IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR ANDREW APODACA, *Sr.*,

    Plaintiff,

    v.                                                                                  No. CIV 16-00096-MV-LF

CORIZON HEALTH CARE, JON WAILEX,
*President*, LEVI H. JONES, *Vice President*,
GARY BALINE, *Administrator*, FNU
BINBAUM, Dr., FNU SMITH, *LCCF, GEO
Warden*, B. BURRIS,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Victor Andrew Apodaca's Prisoner's Civil Rights Complaint pursuant to 42 U.S.C. § 1983, filed on February 8, 2016.  [Doc. 1]  Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.  For the reasons set out below, the Court will dismiss certain of Plaintiff's claims and grant Plaintiff leave to file an amended complaint.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  Section 1915(e)(2) gives the district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or whose legal basis is "indisputably meritless."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (internal quotation marks and citation omitted). "[T]he authority to 'pierce the veil of the complaint's factual allegations' means that a court is not

bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is an inmate incarcerated at Lea County Correctional Facility (LCCF), who suffers from various medical conditions, including but not limited to, Gulf War Illness, Hepatitis C, diabetes, hypertension, bipolar disorder, and rheumatoid arthritis. [Doc. 1 at 5,10] The complaint alleges that Defendants Corizon Health Care (Corizon), Jon Wailex, Levi H. Jones, Gary Baline, and Dr. Binbaum have failed to provide adequate care for Plaintiff's serious medical needs by depriving him of prescribed medications, refusing his sick call requests, and failing to provide him with a diabetic food tray in violation of his rights under the Eighth Amendment to the United States Constitution, Section 504 of the Rehabilitation Act, 29 U.S.C.A. § 701, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* [Doc. 1 at 3, 5, 9-10, 12] The complaint further alleges that Defendant Burris, a paralegal at LCCF, and Defendant Smith, the Warden at LCCF, have deprived Plaintiff of his constitutional right of access to the courts by

2

refusing to provide him with free access to legal copies, notary stamps, and legal research materials. [Doc. 1 at 2-3, 7-8] The complaint also raises claims under the First Amendment of the United States Constitution and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq.*, based on: (1) restrictions on inmates' receipt of books, magazines, and photographs, that contain non-obscene sexual material; (2) the failure to provide Plaintiff with a kosher diet; and (3) the failure to provide Plaintiff with a place to pray three times a day. [Doc. 1 at 4, 11-12] Lastly, the complaint alleges that Defendants have violated Plaintiff's right to be free from retaliation for the exercise of his constitutional rights. [Doc. 1 at 2, 5, 7] The complaint seeks injunctive relief, compensatory damages, and punitive damages. [Doc. 1 at 5, 4-15]

On March 14, 2016, Plaintiff filed a motion for leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a).[1] [Doc. 13 at 7] Plaintiff seeks to add a claim against "mailroom supervisor Mrs. Thomas" for her failure to provide Plaintiff with free "notary stamps, legal copy's [sic] of documents and now legal mail by not allowing postage is a clear violation of constitutional protected rights under First, Fifth and Fourteenth Amendments." [*Id.*] Plaintiff further contends that Mrs. Thomas has retaliated against Plaintiff in violation of his rights under the First Amendment of the United States Constitution. [*Id.*] Plaintiff attached a proposed amended complaint, which alleges that the denial of postage and loss of legal mail by Mrs. Thomas has resulted in "adverse actions" in a pending civil rights case, *Apodaca v. Franco, et al.*, 15-CV-00061-LH-LF, namely "a motion to dismiss on grounds that [Plaintiff] did not answer the motion to stay in allotted time frame." [Doc. 13 at 9]

---

[1] Plaintiff also has filed two motions for temporary restraining orders and preliminary injunctive relief. [*See* Docs. 3, 13] These motions will be addressed by separate order.

"A motion to add a party is governed by Fed. R. Civ. P. 15(a)." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it" or before a responsive pleading is filed. Fed. R. Civ. P. 15(a)(1)(A)-(B). Plaintiff's complaint has not yet been served and a responsive pleading has not yet been filed and, therefore, Plaintiff is entitled to amend his complaint once as a matter of right under Rule 15(a)(1). *See U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1019 (10th Cir. 1994) ("Because the amendment was made before defendants had filed a responsive pleading, plaintiffs were entitled to the amendment as a matter of right."). Accordingly, Plaintiff's complaint is deemed to be amended and the Clerk of the Court will be directed to add Mrs. Thomas to the caption as a defendant. Because Plaintiff seeks to supplement, rather than supplant, the claims raised in his original civil rights complaint [Doc. 1], the Court will construe his original civil rights complaint and the proposed amended complaint [Doc. 1 and Doc. 13 at 9-10] collectively as the operative pleading (hereinafter referred to as the "amended complaint").

Plaintiffs' amended complaint names Defendants Wailex, Jones, Baline, and Smith as defendants. It is well established that § 1983 does not allow a plaintiff to hold an individual liable under a theory of respondeat superior, but rather "individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010); *see also Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 194 (1978) (holding that local governments "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §

4

1983"); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that the *Monell* doctrine applies to private § 1983 defendants). However, "[p]ersonal involvement does not require direct participation," because a plaintiff may "succeed in a § 1983 suit against a defendant-supervisor by demonstrating that (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation." *Dodds*, 614 F.3d at 1199. Furthermore, since "[v]arious officials often have different powers and duties," a plaintiff must "identify the specific policies over which particular defendants possessed responsibility and that led to the alleged constitutional violation." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013).

Plaintiff's complaint fails to allege that Defendants Wailex, Jones, Baline, or Smith directly participated in the alleged constitutional violations or that they promulgated, created, implemented, or possessed responsibility for a specific policy that caused the alleged constitutional harms. Therefore, Plaintiff's claims against these Defendants will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted.

The foregoing analysis also is dispositive of Plaintiff's claim against Defendant Corizon. A corporate entity may not be held liable "solely because it employs a tortfeasor—or in other words . . . cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691; *Dubbs*, 336 F.3d at 1216 (applying the *Monell* doctrine to private entities). Rather, in order to hold a corporate entity liable for the alleged tortious acts of its agents or employees, the plaintiff must demonstrate that the corporate entity had a "policy or custom" that was the "moving force" behind the alleged constitutional violation. *Monell*, 436 at 694-95; *see also Schneider v.*

*City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (noting, that to impose liability under the *Monell* doctrine, the plaintiff must "show that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury"). Plaintiff's amended complaint fails to allege that Corizon had a policy or custom that inevitably led to the alleged violation of Plaintiff's constitutional rights. Therefore, Plaintiff's claims against Corizon will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted.

Plaintiff's amended complaint alleges that Defendants Burris and Thomas violated Plaintiff's constitutional right of access to the courts by depriving him of free access to legal copies, stamps, notary stamps, and research materials. "The Due Process Clause of the Fourteenth Amendment guarantees state inmates the right to 'adequate, effective, and meaningful' access to the courts." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)). However, "[p]risoners do not have an unlimited right to free postage in connection with the right of access to the courts" and "[r]easonable regulations are necessary to balance the rights of prisoners with budgetary considerations." *Twyman v. Crisp*, 584 F.2d. 352, 359 (10th Cir. 1978). Furthermore, "[a] prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine," *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980), and there is no free-standing "independent right of access to a law library or legal assistance," *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996). Rather, to establish a constitutional violation, "an inmate must satisfy the standing requirement of 'actual injury' by showing that the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343 (1996)).

Plaintiff's amended complaint fails to allege that Defendant Burris's actions hindered

Plaintiff's efforts to pursue a nonfrivolous claim. Therefore, Plaintiff's denial of access to the courts claim against Defendant Burris will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted.

With respect to Defendant Thomas, Plaintiff's amended complaint alleges that Defendant Thomas's actions have hindered his ability to pursue his legal claims in *Apodaca v. Franco, et al.*, 15-CV-00061-LH-LF. [Doc. 13 at 9] Specifically, Plaintiff contends that Defendant Thomas's unconstitutional conduct has resulted in "adverse actions," namely "a motion to dismiss on grounds that [Plaintiff] did not answer the motion to stay in alloted [sic] time frame." [Doc. 13 at 9]

The Court may take judicial notice of its own files and records and, therefore, the Court will take judicial notice of the proceedings in *Apodaca v. Franco, et al.*, 15-CV-00061-LH-LF. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979); *see also Barrett v. Pearson*, 355 F. App'x 113, 116-17 (10th Cir. 2009) (holding that the district court was authorized to take judicial notice of court documents outside of the pleadings in dismissing Plaintiff's denial of legal access claim as frivolous under § 1915(e)(2)(B)(i)) (unpublished). In that case, the docket reflects that Defendant Tisha Romero filed a Motion to Stay on May 6, 2015. [15-CV-61 Doc. 16] Although Plaintiff did not respond to the Motion to Stay within seventeen calendar days as required by D.N.M.LR-Civ. 7.4(a) and Fed. R. Civ. P. 6(d), the Court ordered the Clerk of the Court to mail a copy of the motion to Plaintiff at his address of record and granted him an additional seventeen calendar days in which to file a response. [15-CV-61, Doc. 25] On October 19, 2015, Plaintiff filed his response, entitled a Motion for Rejection For Order to Stay by Defendant Tisha Romero, and an Affidavit or Declaration in support thereof. [15-CV-61, Docs. 33, 34] Thereafter, on October 28, 2015, Defendant Romero

filed a Motion to Dismiss Plaintiff's Claims Against Her Based Upon Res Judicata, because Plaintiff had raised the same claims against Defendant Romero in state court, which had rendered summary judgment in favor of Defendant Romero on October 23, 2015. [15-CV-61, Doc. 38, 38-1] On February 3, 2016, the Magistrate Judge issued Proposed Findings and Recommended Disposition, recommending that the motion to dismiss be granted, that Plaintiff's claims against Defendant Romero be dismissed with prejudice, and that the motion to stay and Plaintiff's responsive motion both be denied as moot. [15-CV-61, Doc. 53] On March 9, 2016, Plaintiff filed a Motion to Enter Relevant Records as Brief and Affidavit, indicating that he did not receive copies of several documents, including Defendant Romero's Motion to Dismiss. [15-CV-61, Docs. 61, 62] The Court noted that Defendant Romero had failed to mail her Motion to Dismiss to Plaintiff at his current mailing address and, therefore, "plaintiff did not receive a copy of the motion and was unable to respond." [15-CV-61, Doc. 62] The Court determined that "Plaintiff should have an opportunity to respond to the motion and report and recommendation prior to the Court making a final ruling in this case" and, therefore, granted Plaintiff an additional thirty days in which to file a response. [15-CV-61, Doc. 62] Sine that time, Plaintiff has filed various responses in opposition to Defendant Romero's motion to dismiss. [15-CV-61, Docs. 67, 68, 71, 72, 73] Recently, on April 14, 2016, the Court ordered supplemental briefing on the pending motion to dismiss. [15-CV-61, Doc. 75]

As the foregoing demonstrates, Plaintiff has not suffered any adverse actions as a consequence of his initial failure to respond to Defendant Romero's motion to stay and motion to dismiss. Indeed, Plaintiff was permitted additional time to file responsive pleadings to both of these motions, Plaintiff took advantage of this additional time by filing multiple responses, and there has been no final ruling in the case on either the motion to stay or the motion to dismiss.

Because Defendant Thomas's alleged unconstitutional conduct has not hindered Plaintiff's ability to pursue his claims in *Apodaca v. Franco, et al.*, 15-CV-00061-LH-LF, the Court will dismiss Plaintiff's denial of access to the court claim as frivolous under § 1915(e)(2)(B)(i).

Plaintiff's amended complaint alleges that"[t]he lack of medical care by Corizon and its medical staff" violated Plaintiff's rights under the Rehabilitation Act and the ADA.  [Doc. 1 at 10]  "[P]urely medical decisions . . . do not ordinarily fall within the scope of the ADA or the Rehabilitation Act."  *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005).  Indeed, "[s]everal circuits have expressly concluded that neither the ADA nor the Rehabilitation Act provide remedies for alleged medical negligence."  *Id.*  Furthermore, "[t]he failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation" or a Rehabilitation Act violation.  *Rashad v. Doughty*, 4 F. App'x 558, 560 (10th Cir. 2001) (unpublished); *see also Moore v. Prison Health Serv., Inc.*, 201 F.3d 448, 1999 WL 1079848, at *1 (10th Cir. 1999) (holding that the ADA and the Rehabilitation Act "afford disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities") (unpublished).  Therefore, Plaintiff's Rehabilitation Act and ADA claims will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted.

Plaintiff's amended complaint generally alleges that Defendants have retaliated against him for the exercise of his constitutional rights.  [*See* Doc. 1 at 2 (alleging "First Amendment 'Freedom of Speech' 'protected conduct' Retaliation by adverse actions"); Doc. 1 at 5 (alleging that "Corizon has began to Retaliate against me even more than before"); Doc. 1 at 7 (alleging that "the State is allowing such behavior as not allowing not filing legal papers, getting reasonable

9

access to law books; and being free from retaliation"); Doc. 13 at 9 (alleging that "any violation of constitutionally protected conduct and access to the court is actionable this is showing a pattern of retaliation by the New Mexico Department of Corrections, GEO Group, Corizon Corp. to protect their interests and violate prisoner's rights under the law of the land the U.S. Constitution")]   It is well established that "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights. . . . This principle applies even where the action taken in retaliation would be otherwise permissible."  *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (quoting *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990)).   "An inmate alleging retaliation must 'allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights.'"  *Id.* (quoting *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990)).   "[I]t is imperative that plaintiff's pleading be factual and not conclusory.  Mere allegations of constitutional retaliation will not suffice . . . ."  *Frazier*, 922 F.2d at 562 n.1.   Plaintiff's retaliation claim is conclusory in nature—it fails to include any *specific facts* indicating which particular defendants took adverse actions against Plaintiff, what those adverse actions were, and why Plaintiff believes those adverse actions had a retaliatory motive.  Therefore, Plaintiff's retaliation claim will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted.

With the exception of Plaintiff's denial of legal access claim against Defendant Thomas, the Court cannot conclude that Plaintiff will be unable to cure the pleading deficiencies identified in his amended complaint.   Therefore, the Court will grant Plaintiff an opportunity to file a second amended complaint within 30 days of Plaintiff's receipt of this Memorandum Opinion and Order.  Plaintiff is reminded that "[w]hen various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not

suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls*, 718 F.3d at 1225-26. Rather, Plaintiff must "identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983 . . . claim." *Id.* at 1226 (emphasis in original) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (noting that in § 1983 cases against multiple government actors "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her" (emphasis in original)). Furthermore, to the extent Plaintiff wishes to pursue a theory of supervisory liability, Plaintiff must identify the "specific policies [or customs] over which particular defendants possessed responsibility and that led to the alleged constitutional violation." *Pahls*, 718 F.3d at 1226. Of course, Plaintiff also must allege facts demonstrating that each particular defendant "acted with the requisite state of mind." *Id.*

In the meantime, Plaintiff's Eighth Amendment claim against Defendant Binbaum appears to survive initial review under § 1915(e) and Fed. R. Civ. P. 12(b)(6). Therefore, the Court will direct the Clerk of the Court to send notice and waiver of service forms, along with a copy of the amended complaint [Docs. 1 and 13 at 9-10] and this Memorandum Opinion and Order, to Defendant Binbaum.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to add Mrs. Thomas to the caption as a defendant;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Wailex, Jones, Baline, Smith, and Corizon are DISMISSED without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted;

IT IS FURTHER ORDERED that Plaintiff's Fourteenth Amendment claim against Defendant Burris alleging denial of access to the courts is DISMISSED without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted;

IT IS FURTHER ORDERED that Plaintiff's Fourteenth Amendment claim against Defendant Thomas alleging denial of access to the courts is DISMISSED pursuant to § 1915(e)(2)(B)(i) as frivolous;

IT IS FURTHER ORDERED that Plaintiff's Rehabilitation Act and ADA claims are DISMISSED without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted;

IT IS FURTHER ORDERED that Plaintiff's retaliation claim is DISMISSED without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted;

IT IS FURTHER ORDERED that Plaintiff is granted leave to file an amended complaint within twenty-one (21) days of the date of this Memorandum Opinion and Order;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to issue notice and waiver of service forms, along with a copy of the amended complaint [Docs. 1 and 13 at 9-10] and this Memorandum Opinion and Order, to Defendant Binbaum at LCCF, 6900 West Millen Drive, Hobbs, New Mexico 88244.

_____
UNITED STATES DISTRICT JUDGE