IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR ANDREW APODACA, SR.,

      Plaintiff,

v.                                                    2:16-cv-00096-MV-LF

CORIZON HEALTH CARE, et al.,

      Defendants.

## ORDER GRANTING MOTION
## FOR THE ADMISSION OF DOCUMENTS

THIS MATTER comes before the Court on plaintiff Andrew Apodaca's Request for the Admission[] of Documents filed July 28, 2016.  Doc. 21.[1]  Having reviewed the motion and being fully advised, the Court finds that Mr. Apodaca's request for admission of documents is well taken and will be GRANTED.

Mr. Apodaca filed his complaint for civil rights violations on February 8, 2016.  Doc. 1. On April 28, 2016, the Court dismissed several defendants and many of Mr. Apodaca's claims. *See* Doc. 15.  The Court held Mr. Apodaca's motion for temporary restraining order in abeyance to the extent that it raises Eighth Amendment concerns related to his medical care. Doc. 16.  The only remaining claim is Mr. Apodaca's allegation that Dr. Birnbaum was deliberately indifferent to his serious medical needs.  Doc. 15 at 11.  The Court ordered Dr. Birnbaum to prepare a *Martinez* Report regarding Mr. Apodaca's medical care and the issues raised in his motions for a temporary restraining order and preliminary injunction.  Doc. 16.

---

[1] Mr. Apodaca filed the same document in *Apodaca v. Marcantel et al*, 1:15-cv-00061-LH-LF, at Doc. 83, and the Court will grant his request to admit documents in that case in an order filed contemporaneously with this order.

Under *Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978), the Court may order defendants to investigate the incident or incidents underlying plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether plaintiff has a meritorious claim. *See, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be used in a variety of contexts, including motions for summary judgment or a *sua sponte* entry of summary judgment. When a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

The Court's order for a *Martinez* Report directed Mr. Apodaca to file his response to the report no later than June 10, 2016. Doc. 16. Mr. Apodaca filed his response on May 31, 2016, but did not include the documents he seeks to admit in the instant motion. Doc. 19. In a letter to the Court on June 17, 2016, Mr. Apodaca explained that he was having difficulty mailing documents to the Court because he could no longer afford to pay for postage. *See* Doc. 20. In light of these difficulties, Mr. Apodaca asks that the Court accept documents filed in response to the *Martinez* Report after the deadline. Doc. 21 at 2. As Mr. Apodaca must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report, Mr. Apodaca's motion will be granted. The Court will accept the documents for consideration in response to the *Martinez* Report.[2]

---

[2] The Honorable Martha Vazquez referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 5. I will, therefore, issue a report and recommendation with regard to defendant's *Martinez* Report.

2

Within his motion for the admission of documents, Mr. Apodaca submits a motion for the production of documents from defendant pursuant to Federal Rule of Civil Procedure 34. Doc. 21 at 3–6. Discovery matters are within the district court's broad discretion. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). The purpose of a Martinez report in a pro se prisoner case is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall*, 935 F.2d at 1109. The practice of ordering a *Martinez* report allows the assembly of a record "necessary for the orderly consideration of the issues." *Martinez*, 570 F.2d at 319. At this point, discovery is unnecessary because Dr. Birnbaum has provided a record sufficient to ascertain whether there is any factual or legal basis for Mr. Apodaca's claims. The Court denies Mr. Apodaca's request for discovery.

IT IS THEREFORE ORDERED that Mr. Apodaca's Request for the Admission[] of Documents (Doc. 21) is GRANTED.

IT IS FURTHER ORDERED that Mr. Apodaca's request for discovery is DENIED.

_____
Laura Fashing
United States Magistrate Judge